# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MICHAEL S. COX,
              Appellant,

       v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
DE-0752-16-0260-I-1

DATE: February 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Janice L. Jackson</u>, Leavenworth, Kansas, for the appellant.

<u>Kristine H. Bell</u>, Esquire, Fort Leavenworth, Kansas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for failure to maintain a condition of employment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as an Operations Research Analyst and, according to his position description, his position required a secret security clearance. Initial Appeal File (IAF), Tab 8 at 8-9. In September 2014, he entered a guilty plea in Missouri state court and was sentenced to 4 years of probation on the basis of felony marijuana possession. *Id*. at 16-17. In January 2015, the Department of Defense Consolidated Adjudication Facility (DODCAF) issued a memorandum of intent to revoke his security clearance, including a statement of reasons explaining the agency's security concerns and informing him of his right to respond to the preliminary decision. *Id*. at 21-27. In April 2015, DODCAF revoked the appellant's access to classified information and informed him of his right to appeal its decision to the Personnel Security Appeals Board (PSAB). *Id*. at 34-36. In October 2015, the PSAB denied his appeal. *Id*. at 43.

¶3 In January 2016, the agency proposed the appellant's removal for failure to maintain a condition of employment. IAF, Tab 8 at 4-6. The appellant, who was

represented by his union representative, responded orally and in writing. IAF, Tab 7 at 18-134. In March 2016, the agency imposed his removal. *Id*. at 14-17.

¶4    The appellant filed the instant appeal challenging his removal. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 21, Initial Decision (ID).

¶5    The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    In *Department of the Navy v. Egan*, 484 U.S. 518, 526-30 (1988), the Supreme Court held that, in an appeal of an adverse action under chapter 75 on the basis of the revocation of a security clearance, the Board may not review the merits of the underlying clearance determination. Instead, the Board has the authority to review the following: (1) whether the appellant's position required a clearance; (2) whether the clearance was denied, revoked, or suspended; and (3) whether the employee was provided the procedural protections specified in 5 U.S.C. § 7513.[3] *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014).

---

[2] On review, the appellant has submitted documents titled "Introduction to the Position Classification Standards" and "Position Description/Instructions for Completing Optional Form 8." PFR File, Tab 1 at 11-17. The agency has submitted the following for the first time on review: a March 2017 declaration regarding its policies and the appellant's position description; its policies for drafting and classifying positions and drafting descriptions; and the appellant's position descriptions. PFR File, Tab 3 at 11-59. The Board generally will not consider evidence submitted for the first time on review absent a showing that it is new and material. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The evidence that the agency and the appellant have submitted, including documents that were created, policies that were in effect, and position descriptions that had been created before the record closed below, as well as a declaration about the policies and position descriptions, is not new and material, and, accordingly, we have not considered it.

[3] It is undisputed that the appellant's security clearance was indeed revoked. IAF, Tab 8 at 21, 34-36, 43.

Additionally, because, pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action if the employee can show "harmful error" in the application of the agency's procedures, the Board may review whether the agency complied with its own procedures for revoking a security clearance. *Romero v. Department of Defense*, 527 F.3d 1324, 1328 (Fed. Cir. 2008); *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014).

¶7        The agency submitted the appellant's position description, which states that "[t]he incumbent of this position must qualify for and maintain a SECRET clearance." IAF, Tab 8 at 10 (capitals in original). At the hearing, the appellant testified that this was his position description and agreed that his position required security access and a secret clearance. Hearing Compact Disc (HCD) (testimony of the appellant). Based on this position description and the appellant's testimony, the administrative judge found that his position required a security clearance. ID at 4.

¶8        On review, the appellant challenges this finding. PFR File, Tab 1 at 7; ID at 4. Specifically, he asserts that the agency failed to properly draft his position description in that it was not certified by a supervisor, in violation of the Federal Personnel Manual (FPM) and chapter 51 of Title 5. PFR File, Tab 1 at 7. The Director, Civilian Personnel Advisory Center, reviewed the appellant's position description and testified that, in 2010, when the appellant's position description was last reviewed, there was no expectation that position descriptions in the electronic system would be certified in the certification block of the description. HCD (testimony of the Director). She further testified that, although the descriptions did not have supervisory certifications, this did not invalidate them. *Id.*

¶9        The appellant argues that Optional Form 8 of the FPM includes a place for a supervisory signature, thus indicating that the agency should have included a signature on his position description. PFR File, Tab 1 at 7. The FPM was abolished on December 31, 1993, and therefore, while it is instructive, the Board

is not required to abide by its provisions. *Drury v. Office of Personnel Management*, [79 M.S.P.R. 493](), ¶ 8 (1998). We find no basis for applying the FPM here, when the appellant is attempting to relate its sample forms to the agency's electronic system for classifying positions. We also find nothing in chapter 51 of Title 5, which includes provisions addressing position classifications that would require the agency to draft a position description in a particular manner. The appellant has pointed to no other agency policy or statutory requirement that would indicate that his position description was invalid. Accordingly, we find, on the basis of the appellant's testimony and his position description, that he was employed in a position that required a security clearance.

¶10        The appellant argues, however, that his position no longer required a security clearance because he had no need to access classified information since 2007. PFR File, Tab 1 at 8. The Board lacks authority to review the agency's reasons for imposing a security clearance requirement. *West v. Department of the Navy*, [63 M.S.P.R. 86](), 88-89 (1994). Consequently, even if the appellant is correct that he did not need to access classified information, it is not for the Board to decide why the agency required his position to have a security clearance. Thus, the appellant's argument does not provide a reason for disturbing our conclusion that the agency proved its charge.

¶11        The appellant next asserts that his Commander improperly influenced the DODCAF decision through a January 8, 2015 memorandum and that the administrative judge incorrectly found that this was not an attempt to influence the DODCAF process. PFR File, Tab 1 at 8-9; ID at 8; IAF, Tab 8 at 50. On January 8, 2015, the appellant's Commander requested expedited readjudication of the appellant's security clearance. IAF, Tab 8 at 50. He stated that the appellant remaining employed without a clearance was resulting in continued paid administrative leave, and the office could not gainfully employ the appellant or move forward with disciplinary action without the readjudication of his clearance

being completed. *Id*. As the administrative judge found, the Commander was not advocating for a particular outcome of the readjudication, and the appellant has pointed to no reason that this memorandum affected his substantive rights. ID at 8. Accordingly, we find no basis for disturbing the initial decision's determination that the Commander did not interfere with the agency's process for adjudicating the appellant's clearance. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

¶12 Next, the appellant argues that, having demonstrated that his position did not require a security clearance, he also has demonstrated that the agency did not prove a nexus between his removal and the efficiency of the service. PFR File, Tab 1 at 8. To the contrary, because we have sustained the agency's charge on the basis of his failure to maintain his security clearance, the adverse action promotes the efficiency of the service as the absence of the clearance is fatal to his entitlement to his position. *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 13 (2014). Finally, the appellant asserts that we should apply the *Douglas*[4] factors to determine the appropriate penalty. PFR File, Tab 1 at 8. However, consideration of the *Douglas* factors would be inappropriate in this case because, absent a statute or regulation requiring the agency to seek out alternative employment, we lack the authority to review whether reassignment to a position not requiring a security clearance would have been feasible.[5] *Munoz*, 121 M.S.P.R. 483, ¶¶ 15-16.

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981), the Board articulated a nonexhaustive list of factors to be considered when evaluating the penalty to be imposed for an act of misconduct, hereinafter the *Douglas* factors.

[5] The appellant has not identified any statute, regulation, or other source requiring the agency to formally reassign him, assign him other duties, or seek reinstatement of his clearance before removing him.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.